IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ANNA BROWN and BUNHEANG CHHEANG, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CIVIL ACTION No. 6:08cv277 |
| MICHAEL CHERTOFF, in his official capacity as Secretary of the Department of Homeland Security, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES DISTRICT COURT JUDGE

Before the Court is Plaintiffs Anna Brown's ("Brown") and Bunheang Chheang's ("Chheang") Motion for Judgment ("Motion") (Doc. No. 15) and Defendant Michael Chertoff's, in his official capacity as Secretary of the Department of Homeland Security, ("Defendant") Cross Motion for Summary Judgment ("Cross Motion") (Doc. No. 16). Having fully considered the parties' arguments and for the reasons stated herein, the Court **ORDERS** that Defendant's Cross Motion for Summary Judgment be **GRANTED** and Plaintiffs' Motion for Judgment be **DENIED** as **MOOT**.

## BACKGROUND

Chheang, a Cambodian citizen, met Brown in June of 2003 in Tenaha, Texas. In September 2003, after three months of courtship, Chheang asked Brown to marry him, and Brown accepted. Plaintiffs were married on November 12, 2003 in Center, Texas, approximately one year after Chheang originally entered the United States on a student visa.

1

In order for Chheang to obtain permanent residency in the United States, Brown filed a Petition for Alien Relative, Form I-130 with the United States Citizenship and Immigration Services ("USCIS") on December 17, 2003. After an initial investigation, the USCIS notified Plaintiffs of the USCIS's intent to deny Brown's visa petition on the grounds that Plaintiffs' union was not bona fide but was a sham marriage. The USCIS then gave Plaintiffs the opportunity to submit additional evidence and arguments as to why their petition should not be denied.

Upon consideration of the additionally submitted evidence, the USCIS was still unpersuaded by Plaintiffs' argument. On December 16, 2005, the USCIS denied Brown's visa petition on the grounds that Plaintiffs' marriage was not "a bonafide marriage, originally entered in good faith with the main purpose of establishing a home and life together as husband and wife." R. at 22. The USCIS found that Plaintiffs' marriage was a sham marriage which "was entered into with the sole purpose of conferring immigration benefits for the beneficiary . . . ." *Id.* Plaintiffs appealed the USCIS's decision to the Board of Immigration Appeals ("BIA") of the United States Department of Justice. The BIA thereafter affirmed the USCIS's decision without opinion.

## LEGAL STANDARD

Under the Administrative Procedures Act ("APA"), an agency's action will only be set aside when the administrative record indicates that the challenged action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A) (2006); *Defensor v. Meissner,* 201 F.3d 384, 386 (5th Cir. 2000). An agency's action is considered arbitrary and capricious

> [I]f the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so

> implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Tex. Oil & Gas Ass'n v. U.S. E.P.A.*, 161 F.3d 923, 934 (5th Cir.1998) (quoting *Motor Vehicle Mfrs. Assn. v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)). The APA dictates that issues of fact are reviewed for substantial evidence. 5 U.S.C. § 706(2)(E); *Silwany-Rodriguez v. I.N.S.*, 975 F.2d 1157, 1160 (5th Cir. 1992). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It must do more than create a suspicion of the existence of the fact to be established . . . ." *Hames v. Heckler*, 707 F.2d 162, 162 (5th Cir. 1983) (citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973)). Under this highly deferential standard, the mere "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 620 (1966) (citations omitted). The substantial evidence standard is considerably narrow and prevents a court from substituting its judgment for that of the agency's when a rational basis exists for the agency's decision. *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C. Cir. 1981) (citations omitted).

Only when the evidence is so compelling that no reasonable fact-finder could hold to the contrary would a reversal of an agency's decision be appropriate. *Hakimuddin v. Dep't of Homeland Sec.,* No. 5:08-CV-1261, 2009 WL 497141, at *3 (S.D. Tex. Feb. 26, 2009) (citing *Silwany-Rodriguez,* 975 F.2d at 1160). As such, the Court's inquiry is limited to determining "whether the agency's action 'bears a rational relationship to the statutory purposes' and whether 'there is substantial evidence in the record to support it.'" *Tex. Oil & Gas*, 161 F.3d at 934 (quoting *Mercy*

*Hosp. of Laredo v. Heckler*, 777 F.2d 1028, 1031 (5th Cir. 1985)). "If the agency's reasons and policy choices conform to minimal standards of rationality, then its actions are reasonable and must be upheld." *Id.* (citations omitted).

## DISCUSSION

The critical question before the Court is whether Plaintiffs can show that the USCIS's decision denying Plaintiffs' visa petition was either arbitrary or capricious or was not appropriately based upon substantial evidence. In reviewing the evidence, the Court is limited to reviewing the administrative record which went before the BIA. *Camp v. Pitts,* 411 U.S. 138, 142 (1973); 5 U.S.C. § 706(2)(E).

In visa petition proceedings, at the administrative level, the petitioner bears "the burden of proof to establish eligibility for the benefit sought . . . ." *Matter of Brantigan*, 11 I&N Dec. 493, 493 (BIA 1966). In the instant case, Brown bore "the burden of proving by a preponderance of evidence that she and the beneficiary intended to establish a life together at the time of their marriage." *Matter of Pazandeh*, 19 I&N Dec. 884, 887 (BIA 1989) (citing *Matter of McKee*, 17 I&N Dec. 332 (BIA 1980)). Contrastingly, to prove that the marriage was a sham, the USCIS needed to show by "substantial and probative evidence" that Plaintiffs' marriage was spurious from its commencement. 8 C.F.R. § 204.2(a)(1)(ii) (2007).

### I. Substantial Evidence Supports the USCIS's Finding that Plaintiffs' Failed to Prove Their Marriage by a Preponderance of the Evidence

When the legitimacy of a marriage is called into question, the petitioner must present documentary or testimonial evidence which supports the conclusion that the marriage was not entered into with the primary purpose of circumventing immigration laws. *Matter of Phillis*, 15 I&N

4

Dec. 385, 386 (BIA 1975). The petitioner is encouraged to present evidence including, but not limited to, "proof that the beneficiary has been listed as the petitioner's spouse on any insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence and experiences." *Id.* at 387; *see* 8 C.F.R.§ 204.2(a)(1)(iii)(B).

In order to uphold the BIA's decision, Defendant needs to show that substantial evidence supports the USCIS's factual finding that Plaintiffs' marriage was unproven and a sham. *See Contreras-Banda v. Mukasey*, 283 Fed.App. 300, 303 (5th Cir. 2008). Conversely, Plaintiffs, seeking to set aside the USCIS's factual determinations, need to establish that substantial evidence in the record compels the conclusion that Plaintiffs intended to establish a life together at the time they were married. *See Mikhael,* 115 F.3d at 302 (citing *Rojas v. I.N.S.*, 937 F.2d 186, 189 (5th Cir. 1991)).

Unfortunately for Plaintiffs, there is substantial evidence in the record to support the USCIS's finding that Plaintiffs failed to establish their marriage by either documentary or testimonial evidence. The USCIS rightfully considered evidence showing joint ownership of property, joint tenancy of a common residence, co-mingled financial resources, and affidavits of third parties having knowledge of the Plaintiffs' marriage. *See* 8 C.F.R. § 204.2(a)(1)(iii)(B). For instance, the USCIS noted that Plaintiffs' joint checking account statements, although incomplete, fail to show a continuous co-mingling of financial resources. It is true that for several months after the account was initially opened in November of 2003 – the month in which Plaintiffs were married – there was a high amount of transaction activity. Yet, the records available for 2005 indicate a very sparse transaction history. Additionally, the tax records indicate that Brown filed as single in 2003. But,

she has not amended her marital status to reflect that she was married in 2003. In 2004, Plaintiffs jointly filed a Form 1040 with the Internal Revenue Service ("IRS"), yet there was no certification by the IRS and the W2s which were attached did not support the amount of income claimed.

Plaintiffs also cite their joint tenancy in a common residence as evidence of the validity of their marriage. The administrative record does show that a lease was signed by Plaintiffs and that furniture was purchased by Brown, but there is little evidence of a relationship existing after January of 2004. Even though Brown moved in with her mother around this time, there is no evidence in the record supporting the existence of Plaintiffs' marriage thereafter. Plaintiffs had only been married and living together for approximately two months when Brown left Chheang to live with her mother. Since then, Plaintiffs have only visited with each other once every two to three weeks. Besides these occasional visits, there is nothing in the administrative record to indicate that Plaintiffs communicated with each other with any semblance of frequency post January of 2004.

The Court will only disturb an agency's finding when the evidence compels a contrary conclusion. *Elias–Zacarias,* 502 U.S. at 481; *Mikhael*, 115 F.3d at 302. As the administrative record reflects, there is substantial evidentiary support for the USCIS's decision. "If the agency interpretation is merely one of several reasonable alternatives, it must stand even though it may not appear as reasonable as some other." *Allen M. Campbell Co. Gen. Contractors, Inc. v. Lloyd Wood Constr. Co.,* 446 F.2d 261, 265 (5th Cir. 1971). Because the USCIS came to a reasonable conclusion based on the evidence provided by Plaintiffs, its findings cannot be considered arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Plaintiffs had an opportunity to submit additional evidence during the USCIS's investigation to show the existence of their marriage. Plaintiffs could have filed a second or concurrent I-130 application to bolster their

evidentiary support, but they did not. Based on the record as a whole, a reasonable fact-finder could hold that Plaintiffs failed to sufficiently establish their marriage before the USCIS. Therefore, the agency's decision was based upon reasonable conclusions and cannot be reversed. *See Costle*, 657 F.2d at 283; *Hakimuddin*, 2009 WL 497141, at *3 (citing *Silwany-Rodriguez,* 975 F.2d at 1160).

## II. Substantial Evidence Supports the USCIS's Finding that Plaintiffs' Marriage was Entered Into for the Purposes of Conferring Immigration Benefits

The fundamental inquiry in determining whether Plaintiffs entered into a sham marriage is whether Brown and Chheang intended to establish a home and life together at the time of their marriage. *See Bark v. I.N.S.,* 511 F.2d 1200, 1202 (9th Cir. 1975). "[E]vidence to establish intent may take many forms, including, but not limited to, proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or back account; and testimony or other evidence regarding courtship, wedding ceremony, shared residence and experience." *Matter of Laureano*, 19 I&N Dec. 1, 1 (BIA 1983). In determining whether Plaintiffs entered into their marriage for the purposes of conferring immigration benefits unto Chheang, the USCIS is allowed to consider the conduct of the after their marriage. *Bark*, 511 F.2d at 1202. But, the "[c]onduct of the parties after marriage is relevant only to the extent that it bears upon their subjective state of mind at the time they were married." *Id.* (citing *Lutwak v. United States*, 344 U.S. 604 (1953)). Separation of the parties is also a relevant factor for the agency to consider, but again, it must be relevant to the state of mind of the parties at the time they were married. *Matter of McKee*, 17 I&N Dec. 332, 332 (BIA 1980); *Bark*, 511 F.2d at 1202.

The USCIS's finding that Plaintiffs marriage, since its inception, has been fictitious was based upon substantial evidence. The substantial evidence standard requires that "the BIA's

decision be supported by record evidence and be substantially reasonable." *Contreras-Banda*, 283 Fed.App. at 303 (citing *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002)). The record demonstrates that Plaintiffs, at the time of their marriage, were not entering into their marriage in good faith with the intention of establishing a life together as husband and wife. The lack of transaction history for their joint checking account, the lack of cohabitation after January of 2004, and the failure to provide any meaningful evidence of a relationship since early 2004 all goes toward showing the subjective state of mind of the Plaintiffs at the time of their wedding. Plaintiffs claims that the death of Brown's father made it difficult for the couple to cohabitate and that they have hopes of mending their relationship in the future. Be that as it may, there is little evidence in the record indicating that Plaintiffs have attempted to sustain their marriage past January of 2004 – only two months after they were married.

The Court will not set aside the BIA's ruling when a rational basis exists for the agency's decision. *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 283 (D.C. Cir. 1981) (citations omitted). There exists substantial evidence in the records to support the USCIS's decision that Plaintiffs' marriage was not bona fide and was a sham. The Court will accord considerable "deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the BIA's interpretation is incorrect." *Mikhael* 115 F.3d at 302 (citing *Rojas*, 937 F.2d at 189). Because the evidence does not compel a conclusion contrary to the findings of the agency and the agency's decision was neither arbitrary nor capricious, a reversal of the agency's decision is inappropriate. *Elias-Zacarias,* 502 U.S. at 481; *Mikhael*, 115 F.3d at 302.

**CONCLUSION**

For all the foregoing reasons, the Defendant's Cross Motion for Summary Judgment is **GRANTED** and Plaintiffs' Motion for Judgment is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 17th day of July, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE